IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLIFFORT VARISTE, Reg. No. 01767-104,  )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )   CIVIL ACTION NO. 2:19-CV-131-WHA
                                        )
WALTER WOODS,                           )
                                        )
            Respondent.                 )

**RECOMMENDATION OF THE MAGISTATE JUDGE**

**I.  INRTODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Cliffort Variste.  At the time he filed the petition, Variste was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving an aggregate 75-month sentence followed by three years of supervised release imposed upon him in 2014 by the United States District Court for the Southern District of Florida due to his convictions for access device fraud and aggravated identity fraud.  Doc. 17-1 at 3–4.  In this petition, Variste challenges the constitutionality of his removal from placement at a Residential Reentry Center ("RRC") in Miami, Florida in December of 2018.  Specifically, Variste alleges that he "was removed from RRC placement without being afforded due process[.]"  Doc. 1 at 3.  He seeks return "for RRC placement or home confinement" for the remainder of his term of incarceration.  Doc. 1 at 6.

The respondent filed a response, supported by relevant evidentiary materials addressing Variste's claim for relief.  In this response, the respondent maintains that the instant petition is due to be summarily denied, as Variste failed to exhaust his available

administrative remedies prior to filing the instant petition.  Doc. 17 at 4–6.  He also denies any violation of Variste's constitutional rights with respect to his removal from RRC placement.  Doc. 17 at 8.

In support of his exhaustion defense, the respondent filed a declaration from J. Latease Bailey, the Consolidated Legal Center Leader/Supervisory Attorney for the Federal Bureau of Prisons who covers the Montgomery Federal Prison Camp.  In her declaration, Ms. Bailey provides the following information:

> The Administrative Remedy Program [established by the BOP] is described at 28 C.F.R. § 542.10, et seq., Administrative Remedy Procedures for Inmates.  In accordance with the [formal] administrative remedy procedures, inmates must first present their complaint to the Warden of the facility in which the inmate is confined[.] … Administrative Remedy Form BP-229(13) is the form to be utilized at the institution level, which is commonly referred to as a "BP-9" form.  If the inmate is not satisfied with the response to the BP-9 received from the Warden, the response may be appealed to the Regional Director within 20 days of when the warden signed the response. Administrative Remedy Form BP-230(13) is the form to be utilized at the regional level, which is commonly referred to as a "BP-10" form. If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the General Counsel's Office within 30 days of when the Regional Director signed the response.  Appeal to BOP's Office of General Counsel is the final step in the BOP's administrative remedy process.  Administrative Remedy Form BP-231(13) is the form to be utilized at the final level, which is commonly referred to as a "BP-11" form.  The response from the General Counsel's office is considered the final agency decision. [An inmate must appeal through all three levels of the Administrative Remedy Process to properly exhaust his administrative remedies. 28 C.F.R. § 542.15(a).  *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).]
>
> BOP policy provides that the inmate is to obtain the appropriate form from institution staff (ordinarily, the correctional counselor).  It further notes, the "Request for Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the institution."  28 C.F.R. § 542.14.
>
> If the inmate submits a request for remedy, but does not receive a response within the time allotted for reply, including extension, the inmate may

consider the absence of a response [from prison personnel] to be a denial at that level.  28 C.F.R. § 542.18.

. . . .

 The Sentry Administrative Remedy Log for Petitioner reflects that he has not submitted any administrative remedy requests on his removal from the RRC.

. . . .

Petitioner's administrative remedy log shows that Petitioner is familiar with the system having used it in 2016.

Thus, Petitioner has failed to exhaust the available administrative remedies and this petition should be dismissed.

Doc. 17-5 at 2–4 (paragraph numbering and reference to attachment omitted).

The respondent further argues that even had Variste exhausted his administrative remedies, he is entitled to no relief on the claim pending before this court as this petition has been rendered moot by Variste's release from incarceration such that the Bureau of Prisons cannot "return him to RRC [or place him on home confinement due] to his … release."  Doc. 17 at 7.

## II.  DISCUSSION

### A.  Jurisdiction

The law is well-settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence.  *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *United*

*States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Here, Variste alleges that he is entitled to "RRC placement or home confinement" pursuant to applicable federal law. Doc. 1 at 6. Since Variste challenges the execution of his sentence, his claim is proper under 28 U.S.C. § 2241. "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this court, as Variste was incarcerated in this district at the time he filed the instant habeas petition. *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), Report and Recommendation adopted, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) ("A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' *Miller*, 871 F.2d at 490.").

### B.  Exhaustion

It is well-settled that a federal prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 "must [first] exhaust his available administrative remedies before he can obtain relief [from the court on his petition]." *Davis v. Warden, FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016), citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632, 634 (2nd Cir. 2001); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). "[Federal] prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." *Skinner v.*

*Wiley,* 355 F.3d 1293, 1295 (11th Cir.2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust administrative remedies) (abrogated by *Santiago-Lugo*, 785 F.3d at 474–75 only as to jurisdictional nature of the exhaustion requirement). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk,* 40 F.3d 347, 349 n. 2 (11th Cir.1994). Although the administrative exhaustion requirement is judge-made, rather than jurisdictional, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Santiago-Lugo*, 785 F.3d at 475.

"In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis*, 661 F. App'x at 562, citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirements of the Prison Litigation Reform Act governing inmate civil rights actions). In *Woodford*, the Court determined that because proper exhaustion of administrative remedies is necessary an inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83–84. The Court reasoned that to hold otherwise would eviscerate the exhaustion requirement. *Id*. at 90–91; *see also Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). Thus, when a federal inmate fails to exhaust fully and properly

all administrative remedies provided by the BOP before filing his habeas petition, the petition is due to be denied for such failure. *See Davis*, 661 F.App'x at 562; *Santiago-Lugo*, 355 F.3d 1295.

The declaration of Ms. Bailey quoted above details the formal administrative remedies available to Variste and his failure to properly exhaust these remedies. Doc. 17-5 at 2–4. It is undisputed that the BOP provides a specific administrative remedy procedure through which inmates can present their claims regarding any aspect of imprisonment to prison officials. 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of issues relating to any aspect of the inmate's confinement). The first step in the BOP's administrative review occurs when an inmate seeks informal resolution of the issue at the place of confinement. 28 C.F.R. § 542.13. If he is unsuccessful at this step, the inmate must file a formal written administrative request on form BP-9 with the warden. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. 28 C.F.R. § 542.15. Next, the inmate can seek review with the BOP's Officer of General Counsel. *Id.* A final decision from the Office of General Counsel completes the BOP's administrative review procedure. 28 C.F.R. § 542.15(a).

Variste does not dispute that he failed to exhaust the administrative remedies provided by the BOP. Instead, Variste argues the court should excuse his lack of exhaustion since he "was [only] told by Marshals . . . that [his removal from RRC occurred because] he was an escapee" and he never received any formal charge or hearing regarding his removal. Doc. 1 at 3. Variste also asserts that prison administrators failed to respond to his informal requests for relief and the Assistant Warden merely responded to his

communication by advising him "that there is nothing to discuss." Doc. 1 at 3. Although Variste made informal requests regarding his removal from RRC placement, the record shows that Variste never attempted to pursue relief in accordance with the BOP's three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10, *et seq*., with regard to his alleged improper removal from a RRC facility. After review of the record, the court finds that Variste failed to exhaust the multi-level administrative remedy established by the BOP regarding the claim presented in this habeas petition. Thus, Variste has not satisfied the requirement that he properly exhaust his available remedies before seeking habeas corpus relief in this court. The court also finds that Variste has failed to establish circumstances justifying waiver of the exhaustion requirement.

## C. Mootness

To obtain relief in this habeas action, Variste must demonstrate that he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition, under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, at all times in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought.  *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir.1997).

Variste's objective in filing this habeas petition was to obtain placement in an RRC or on home confinement for the final months of his sentence of incarceration.  However, because Variste has fully completed his term of incarceration and is not now incarcerated in a federal facility, this court cannot now give him meaningful habeas relief on this claim. Therefore, his request for habeas relief is moot and this petition is likewise due to be dismissed for mootness.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Cliffort Variste be DENIED.

2. This case be DISMISSED.

It is further ORDERED that on or before **September 16, 2019,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge